## Edelstein v. Tipton et al.

*Bernard M. Gross*, for plaintiff.
*W. J. Timby*, for defendants.

LEDERER, *J.*, December 30, 1974—Defendants' motion to compel medical examination which was filed with the court on December 2, 1974, is not barred by the fact that a certificate of readiness had been filed in this case on May 6, 1974. A medical examination is for the purpose of determining the current physical condition, of a party. In this respect, it is different from other discovery and is not precluded by the prior filing of a Certificate of Readiness.

Plaintiff had submitted to a prior medical examination on August 21, 1973 by Dr. Frank Glauser, a qualified orthopedic doctor, on behalf of defendant. Defendant now requests a second medical examination of plaintiff. Whether or not a second examination should be granted depends on the particular circumstances in the case. Rule 4010 of the Pennsylvania Rules of Civil Procedure does not give a party a mandatory right to more than one physical examination of the other party.

In the instant case, it has been almost a year and a half since the initial physical examination. Plaintiff's petition for a major case listing alleges that

plaintiff's injury is permanent and causes continuing pain with limitation of motion. In light of the length of time since the initial examination, and the continuing nature of the injury, a second examination is justified. Since Dr. Frank Glauser is a qualified orthopedic doctor, as is Dr. Martin Beller, there is nothing that warrants defendant having a second medical examination by a different doctor.

Accordingly, defendants are entitled to a second medical examination and said examination is to be performed by Dr. Frank Glauser, defendants' initial examining physician.